NOT FOR PUBLICATION

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

**FILED**

JUN 11 2024

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| KELLY LORENZ; ALYKHAN POPAT, <br><br> Plaintiffs-Appellants, <br><br> v. <br><br> COUNTY OF SAN BERNARDINO; et al., <br><br> Defendants-Appellees, <br><br> and <br><br> SUPERIOR COURT OF CALIFORNIA COUNTY OF SAN BERNARDINO; DOES, 1 to 51, inclusive, <br><br> Defendants. | No. 23-55014 <br><br> D.C. No. 5:22-cv-00143-PA-JPR <br><br> MEMORANDUM[*] |

Appeal from the United States District Court
for the Central District of California
Percy Anderson, District Judge, Presiding

Submitted June 7, 2024[**]
Pasadena, California

Before: M. SMITH and BADE, Circuit Judges, and FITZWATER,[***] District

---

[*] This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**] The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

Judge.

Plaintiffs-Appellants Kelly Lorenz and Alykhan Popat (Plaintiffs) appeal the district court's order granting summary judgment to Defendants-Appellees. Defendants-Appellees are the County of San Bernadino, the San Bernadino Sheriff's Department, and officers in the San Bernardino County Sheriff's Department (County Officers). Plaintiffs sued the County Officers for, as relevant here, false arrest in violation of the Fourth Amendment and retaliatory arrest in violation of the First Amendment. We review a grant of summary judgment de novo. *Waid v. County of Lyon*, 87 F.4th 383, 387 (9th Cir. 2023). We have jurisdiction under 28 U.S.C. § 1291, and we affirm. Because the parties are familiar with the facts, we do not recount them here except as necessary to provide context.

1.      The district court concluded that the County Officers were entitled to qualified immunity on Plaintiffs' Fourth Amendment claim because the officers had probable cause to arrest Plaintiffs under either California Penal Code section 602.1(b) or section 148(a)(1), and alternatively, because Plaintiffs did not identify any California or federal case law that clearly established the unconstitutionality of their arrests. Officials are entitled to qualified immunity "unless (1) they violated a

---

        ***      The Honorable Sidney A. Fitzwater, United States District Judge for the Northern District of Texas, sitting by designation.

federal statutory or constitutional right, and (2) the unlawfulness of their conduct was 'clearly established at the time.'" *District of Columbia v. Wesby*, 583 U.S. 48, 62–63 (2018) (citation omitted).  We may address either prong first.  *See Pearson v. Callahan*, 555 U.S. 223, 236 (2009).

Here, Plaintiffs have failed to demonstrate that clearly established law existing at the time of the incident would have put the officers on notice that an arrest under section 602.1(b) or 148(a)(1), based on the totality of the circumstances, was unconstitutional.  *See Anderson v. Creighton*, 483 U.S. 635, 640 (1987) ("The contours of the right must be sufficiently clear that a reasonable official would understand that what he is doing violates that right."); *Shafer v. County of Santa Barbara*, 868 F.3d 1110, 1118 (9th Cir. 2017) ("It is the plaintiff who bears the burden of showing that the rights allegedly violated were clearly established." (internal quotation marks and citation omitted)).

Plaintiffs contend that the law was clearly established at the time of their arrests based on, primarily, two cases: *Wall v. County of Orange*, 364 F.3d 1107 (9th Cir. 2004) and *Hall v. City of Fairfield*, No. 2:10-cv-0508, 2014 WL 1303612 (E.D. Cal. Mar. 31, 2014).  *Wall* does not place the specific constitutional questions raised in this case "beyond debate," as is required to show "clearly established" law.  *Ashcroft v. al-Kidd*, 563 U.S. 731, 741 (2011).  We concluded in *Wall* that "a reasonable officer would know that an arrest would be unlawful" in

large part because the plaintiff "had agreed to walk away and was doing so." 364 F.3d at 1111. But here, Plaintiffs acknowledge that they refused to comply with the officers' numerous orders to "leave or be arrested." Thus, *Wall* is distinguishable.

Moreover, *Hall* is an unpublished district court decision. 2014 WL 1303612. And all other cases Plaintiffs cite support only general propositions. *See generally al-Kidd*, 563 U.S. at 742 ("The general proposition, for example, that an unreasonable search or seizure violates the Fourth Amendment is of little help in determining whether the violative nature of particular conduct is clearly established."). Therefore, even if *Hall* were on point, that case alone is insufficient to show that the law was clearly established at the time of the conduct in question. *See Rico v. Ducart*, 980 F.3d 1292, 1300–01 (9th Cir. 2020) ("While unpublished decisions of district courts may inform our qualified immunity analysis[,] it will be a rare instance in which, absent any published opinions on point or overwhelming obviousness of illegality, we can conclude that the law was clearly established on the basis of unpublished decisions only." (internal quotation marks, ellipsis, and citation omitted)). Therefore, the district court properly granted summary judgment on the Fourth Amendment claim.

2.     To prevail on a First Amendment retaliation claim, a plaintiff must show "that (1) he was engaged in a constitutionally protected activity, (2) the

4

defendant's actions would chill a person of ordinary firmness from continuing to engage in the protected activity," and (3) "the defendant's retaliatory animus was a 'but-for' cause." *Capp v. County of San Diego*, 940 F.3d 1046, 1053 (9th Cir. 2019) (internal quotation marks and citation omitted). That is, there must be "a 'causal connection' between the government defendant's 'retaliatory animus' and the plaintiff's 'subsequent injury.'" *Nieves v. Bartlett*, 587 U.S. 391, 398 (2019) (citation omitted).

In their opening brief, Plaintiffs' sole argument to support this claim is that "[t]he Sheriff leadership practically admits that they were arresting protesters because they were protesting," given that an officer saw the protesters engaging in "insultive mannerisms toward law enforcement and the courts themselves and anybody who represented the courts." Plaintiffs present no other argument to explain how the officers' conduct would "chill" or silence speech or that a "but-for cause" of their arrests was the officers' desire to chill speech. *Capp*, 940 F.3d at 1053. Moreover, Plaintiffs do not cite any "objective evidence" in the record to show that they were arrested for a crime for which officers "typically exercise their discretion not to [arrest]," and that "similarly situated individuals not engaged in the same sort of protected speech had not been" arrested. *Nieves*, 587 U.S. at 406–07. Thus, Plaintiffs have not established any genuine issues of material fact for their First Amendment retaliation claim, and the district court properly granted

summary judgment.

**AFFIRMED.**